IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Q3 NETWORKING LLC,<br><br>Plaintiff,<br><br>v.<br><br>NETGEAR, INC.,<br><br>Defendant. | C.A. No. _____<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Q3 Networking LLC ("Q3" or "Plaintiff") files this Original Complaint against Defendant Netgear, Inc. ("Defendant") for infringement of U.S. Patent Nos. 7,457,627 ("'627 patent") (**Exhibit A**); 7,609,677 ("'677 patent") (**Exhibit B**); 7,895,305 ("'305 patent") (**Exhibit C**); and 8,797,853 ("'853 patent") (**Exhibit D**) (collectively, "the patents-in-suit").

**THE PARTIES**

1.  Plaintiff is a Texas limited liability company with its principal place of business located at 5570 FM 423, Suite 250-2026, Frisco, Texas, 75034.

2.  On information and belief, Defendant Netgear, Inc. is a Delaware corporation with its principal place of business at 350 East Plumeria Drive, San Jose, California, 95134.

**JURISDICTION AND VENUE**

3.  This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. 1400(b) because Defendants were formed under the laws of the State of Delaware and, therefore, reside in this District.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Delaware residents. Defendant has conducted and regularly conduct business within the United States and this District. Defendant has purposefully availed themselves of the privileges of conducting business in the United States, and more specifically in Delaware and this District. Defendant has sought protection and benefit from the laws of the State of Delaware by forming under the laws of Delaware and placing infringing products into the stream of commerce through an established distribution channel with he awareness and/or intent that they will be purchased by consumers in this District.

7. On information and belief, Defendant has significant ties to, and presence in, this District, making venue in this judicial district both proper and convenient for this action.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 7,457,627)

8. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

9. Q3 is the assignee of the '627 patent, entitled "Transfer of information in a communication network with a verified QoS," with ownership of all substantial rights in the

'627 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

10. The '627 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '627 patent issued from U.S. Patent Application No. 10/471,456.

11. Defendant has and continues to directly and/or indirectly infringe (by inducing and contributing to infringement) one or more claims of the '627 patent in this judicial District and elsewhere in the United States.

12. Upon information and belief, Defendant develops and sells routers, access points, controllers, network management devices, and other networking products.

13. Defendant directly infringes the '627 patent via 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing routers and wireless access points that incorporate the fundamental technologies covered by one or more claims of the '627 patent. Examples of how Defendants' products infringe claim 1 of the '627 patent are shown in **Exhibit E**.

14. At a minimum, Defendant has known of the '627 patent and of its infringement of the same at least as early as the filing date of the complaint.

15. Upon information and belief, since at least the above-mentioned date when Defendant was on notice of its infringement, Defendant has actively induced, under U.S.C. § 271(b), consumers and end users that purchase its infringing products to directly infringe one or more claims of the '627 patent by testing and/or operating the products in accordance with Defendant's instructions contained in, for example, its user manuals. Since at least the notice provided on the above-mentioned date, Defendant does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '627 patent. Upon

information and belief, Defendant intends to cause, and have taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of the products, creating established distribution channels for the products into and within the United States, selling the products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for the products to purchasers and prospective buyers, and/or providing technical support, software fixes, or services for these products to these purchasers in the United States.

16. On information and belief, Defendant also contributes to infringement of the '627 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation the infringing products and the non-staple constituent parts of those products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '627 patent. These products are known by Defendant to be especially made or especially adapted for use in the infringement of the '627 patent. Defendant also contributes to the infringement of the '627 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation components of the products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '627 patent. The products are known by Defendant to be especially made or especially adapted for use in the infringement of the '627 patent. Specifically, on information and belief, Defendant sells products with knowledge that the devices are used for infringement, to resellers, retailers, and end users. End users of those products directly infringe the '627 patent.

17. Q3 has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Q3 in an amount that adequately compensates for Q3's

infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 7,609,677)

18. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

19. Q3 is the assignee of the '677 patent, entitled "Internet protocol based information transmission in a radio communication system," with ownership of all substantial rights in the '677 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

20. The '677 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '677 patent issued from U.S. Patent Application No. 10/507,850.

21. Defendant has and continues to directly and/or indirectly infringe (by inducing or contributing to infringement) one or more claims of the '677 patent in this judicial District and elsewhere in the United States.

22. Upon information and belief, Defendant develops and sells routers, access points, controllers, network management devices, and other networking products.

23. Defendants directly infringe the '677 patent via 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing WiFi routers, satellites, extenders, networks managers, access points, systems, and other wireless networking products that incorporate the fundamental technologies covered by one or more claims of the '677 patent. Examples of how Defendants' products infringe claim 1 of the '677 patent are shown in **Exhibit F**.

24. At a minimum, Defendant has known of the '677 patent and of its infringement of the same at least as early as the filing date of the complaint.

25. Upon information and belief, since at least the above-mentioned date when Defendants were on notice of its infringement, Defendant has actively induced, under U.S.C. § 271(b), consumers and end users that purchase its infringing products to directly infringe one or more claims of the '677 patent by testing and/or operating the products in accordance with Defendant's instructions contained in, for example, its user manuals. Since at least the notice provided on the above-mentioned date, Defendant does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '677 patent. Upon information and belief, Defendant intends to cause, and have taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of the products, creating established distribution channels for the products into and within the United States, selling the products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for the products to purchasers and prospective buyers, and/or providing technical support, software fixes, or services for these products to these purchasers in the United States.

26. On information and belief, Defendant also contributes to infringement of the '677 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation the infringing products and the non-staple constituent parts of those products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '677 patent. These products are known by Defendant to be especially made or especially adapted for use in the infringement of the '677 patent. Defendant also contributes to the infringement of the '677 patent by selling for

importation into the United States, importing into the United States, and/or selling within the United States after importation components of the products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '677 patent. The products are known by Defendant to be especially made or especially adapted for use in the infringement of the '677 patent. Specifically, on information and belief, Defendant sells products with knowledge that the devices are used for infringement, to resellers, retailers, and end users. End users of those products directly infringe the '677 patent.

27. Q3 has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Q3 in an amount that adequately compensates for Q3's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. 7,895,305)

28. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

29. Q3 is the assignee of the '305 patent, entitled "Web-based management engine and system," with ownership of all substantial rights in the '305 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

30. The '305 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '305 patent issued from U.S. Patent Application No. 10/416,006.

31. Defendant has and continues to directly and/or indirectly infringe (by inducing or contributing to infringement) one or more claims of the '305 patent in this judicial District and elsewhere in the United States.

32. Upon information and belief, Defendants develop and sell routers, access points, controllers, network management devices, and other networking products.

33. Defendant directly infringes the '305 patent via 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing controllers and systems including one or more controller and one or more controller-managed network device (e.g., access point, router, switch) that incorporate the fundamental technologies covered by one or more claims of the '305 patent. Examples of how Defendants' products infringe claims 1 and 8 of the '305 patent are shown in **Exhibits G**.

34. At a minimum, Defendant has known of the '305 patent and of its infringement of the same at least as early as the filing date of the complaint.

35. Upon information and belief, since at least the above-mentioned date when Defendant was on notice of its infringement, Defendant has actively induced, under U.S.C. § 271(b), consumers and end users that purchase its infringing products to directly infringe one or more claims of the '305 patent by testing and/or operating the products in accordance with Defendant's instructions contained in, for example, its user manuals. Since at least the notice provided on the above-mentioned date, Defendant does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '305 patent. Upon information and belief, Defendant intends to cause, and have taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of the products, creating established distribution

channels for the products into and within the United States, selling the products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for the products to purchasers and prospective buyers, and/or providing technical support, software fixes, or services for these products to these purchasers in the United States.

36.     On information and belief, Defendant also contributes to infringement of the '305 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation the infringing products and the non-staple constituent parts of those products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '305 patent. These products are known by Defendant to be especially made or especially adapted for use in the infringement of the '305 patent. Defendant also contributes to the infringement of the '305 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation components of the products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '305 patent. The products are known by Defendant to be especially made or especially adapted for use in the infringement of the '305 patent. Specifically, on information and belief, Defendant sells products with knowledge that the devices are used for infringement, to resellers, retailers, and end users. End users of those products directly infringe the '305 patent.

37.     Q3 has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Q3 in an amount that adequately compensates for Q3's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

(INFRINGEMENT OF U.S. PATENT NO. 8,797,853)

38. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

39. Q3 is the assignee of the '853 patent, entitled "System and method for checking the permissibility of a user of service," with ownership of all substantial rights in the '853 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

40. The '853 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '853 patent issued from U.S. Patent Application No. 10/239,525.

41. Defendant has and continues to directly and/or indirectly infringe (by inducing or contributing to infringement) one or more claims of the '853 patent in this judicial District and elsewhere in the United States.

42. Upon information and belief, Defendant develops and sells routers, access points, controllers, network management devices, and other networking products.

43. Defendant directly infringes the '853 patent via 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing routers, access points, switches, controllers, bridges, and gateways, and other networking products that incorporate the fundamental technologies covered by one or more claims of the '853 patent. Examples of how Defendants' products infringe claim 1 of the '853 patent are shown in **Exhibits H and I**.

44. At a minimum, Defendant has known of the '853 patent and of its infringement of the same at least as early as the filing date of the complaint.

45. Upon information and belief, since at least the above-mentioned date when Defendant was on notice of its infringement, Defendant has actively induced, under U.S.C. § 271(b), consumers and end users that purchase its infringing products to directly infringe one or more claims of the '853 patent by testing and/or operating the products in accordance with Defendant's instructions contained in, for example, its user manuals. Since at least the notice provided on the above-mentioned date, Defendant does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '853 patent. Upon information and belief, Defendant intends to cause, and have taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of the products, creating established distribution channels for the products into and within the United States, selling the products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for the products to purchasers and prospective buyers, and/or providing technical support, software fixes, or services for these products to these purchasers in the United States.

46. On information and belief, Defendant also contributes to infringement of the '853 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation the infringing products and the non-staple constituent parts of those products, which are not suitable for substantial non-infringing use and which embody a material part of the invention described in the '853 patent. These products are known by Defendant to be especially made or especially adapted for use in the infringement of the '853 patent. Defendant also contributes to the infringement of the '853 patent by selling for importation into the United States, importing into the United States, and/or selling within the United States after importation components of the products, which are not suitable for substantial

non-infringing use and which embody a material part of the invention described in the '853 patent. The products are known by Defendant to be especially made or especially adapted for use in the infringement of the '853 patent. Specifically, on information and belief, Defendant sells products with knowledge that the devices are used for infringement, to resellers, retailers, and end users. End users of those products directly infringe the '853 patent.

47. Q3 has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Q3 in an amount that adequately compensates for Q3's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## CONCLUSION

48. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

49. Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute may give rise to an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## JURY DEMAND

50. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

51. Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. A judgment that Defendant has infringed the patents-in-suit as alleged herein, directly and/or indirectly by way of inducing infringement of such patents;

b. A judgment for an accounting of all damages sustained by Plaintiff as a result of the acts of infringement by Defendant;

c. A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284, including up to treble damages as provided by 35 U.S.C. § 284, and any royalties determined to be appropriate;

d. A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

e. A judgment and order finding this to be an exceptional case and requiring Defendant to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

f. Such other and further relief as the Court deems just and equitable.

Dated: September 21, 2020

Respectfully submitted,

**Q3 NETWORKING LLC**

/s/ Tracy L. Pearson
Tracy L. Pearson (DE Bar #5652)
Rolando Diaz (DE Bar #5845)
**DUNLAP BENNETT & LUDWIG PLLC**
1509 Gilpin Avenue, Ste.2
Wilmington, DE 19806
Tel: (302) 273-4249
Fax: (855) 223-8791
tpearson@dbllawyers.com
rdiaz@dbllawyers.com

OF COUNSEL:
Patrick J. Conroy (*pro hac vice* forthcoming)
Justin B. Kimble (*pro hac vice* forthcoming)
T. William Kennedy (*pro hac* forthcoming)
Jonathan H. Rastegar (*pro hac vice* forthcoming)

Jerry D. Tice II (*pro hac vice* forthcoming)
**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
pconroy@bcpc-law.com
jkimble@bcpc-law.com
jrastegar@bcpc-law.com
bkennedy@bcpc-law.com
jtice@bcpc-law.com

*Attorneys for Plaintiff*